# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD HAYES,　　　　　　　　　　　　Case No. 1:05cv491
　　　Plaintiff

vs

MONA PARKS,
HOSPITAL ADMINISTRATOR　　　　　　**ORDER**
　　　Defendant　　　　　　　　　　　　(Dlott, J.)

　　　　Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this prisoner civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine: (1) whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and (2) whether plaintiff has exhausted his administrative remedies under 42 U.S.C. § 1997e as amended by the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, § 803(d), 42 U.S.C. § 1997e(a).

　　　　Plaintiff brings this action against Mona Parks, the Hospital Administrator at SOCF. Plaintiff alleges that defendant Parks has been deliberately indifferent to his serious heart condition in violation of the Eighth Amendment to the United States Constitution. He seeks monetary and injunctive relief.

　　　　This action must be dismissed because plaintiff has failed to show he exhausted his

administrative remedies pursuant to 42 U.S.C. § 1997e(a) as amended by the Prison Litigation Reform Act (PLRA). Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners who file lawsuits in this Court challenging the conditions of their confinement pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998). Inmates must "plead claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. . . ." *Knuckles v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S.Ct.634 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*. Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. Where a complaint contains both exhausted and unexhausted claims, the district courts must dismiss the complaint in its entirety. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). The case should be dismissed without prejudice where the record fails to disclose that the prisoner has complied with the exhaustion requirement. *Brown,* 139 F.3d at 1104.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services. First, an inmate initiates the grievance procedure by filing an informal complaint with the prison official whose area of responsibility is most related to the

grievance. Ohio Admin. Code § 5120-9-31(J)(1).  If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. Ohio Admin. Code § 5120-9-31(J)(2).  If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction. Ohio Admin. Code § 5120-9-31(J)(3).  The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.  For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the Chief Inspector, and the Chief Inspector's decision is final. Ohio Admin. Code § 5120-9-31(L).

In the instant case, plaintiff fails to meet his burden of demonstrating he exhausted his administrative remedies.  In order to effectuate the language contained in § 1997e(a), plaintiff must plead his claims with specificity and show such claims have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El*, 215 F.3d at 642.  Plaintiff's complaint alleges he filed informal complaints and "followed the correct protocol for relief." (Complaint at 3).  He states that "the institution's heads have seemingly stepped out of the fold of subjective obedience.  They remain in revolt." *Id*.  The Court is unable to discern from the complaint whether plaintiff in fact followed steps two and three of the inmate grievance procedure set forth above.  Nor has plaintiff attached to his complaint copies of any informal complaints, grievances, appeals, or administrative decisions showing he exhausted the prison grievance procedure.  *See Knuckles v. Toombs*, 215 F.3d at 642.  Because plaintiff has failed to show he exhausted his administrative remedies prior to bringing this lawsuit, his

complaint must be dismissed without prejudice.

Plaintiff is notified that he is not permitted to amend the instant complaint to allege and show exhaustion. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Plaintiff's only option at this point is to file a new complaint against defendants to plead and show exhaustion. *Id*. In the event plaintiff chooses to file a new complaint after he exhausts his administrative remedies, he should attach to his complaint copies of any grievances, appeals, or administrative decisions showing he exhausted the grievance procedure on his claims.

Accordingly, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice to refiling after plaintiff has shown he has exhausted the available prison administrative remedy set forth in Ohio Admin. Code § 5120-9-31.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


    s/Susan J. Dlott
Susan J. Dlott
United States District Judge